Connally & Brother, plaintiffs in error, *vs.* Peck & Bowman, defendants in error.

The 5th section of Act 28th, October 12th, 1870, which authorizes a defendant in a *fi. fa.* to deny under oath the plaintiff's affidavit that the taxes due upon the debt had been paid, and providing that the issue thus made shall be returned and tried as other affidavits of illegality, stands upon the same footing as the first and second sections of the Act, and is not unconstitutional. Warner, Judge, dissenting.

Relief Act of October, 1870. Constitutional law. Before Judge Hopkins. Fulton Superior Court. April Term, 1871.

Peck & Bowman had a *fi. fa.* against Connally and Brother levied upon defendants' land. They made affidavit, on 11th April, 1871, that said *fi. fa.* was proceeding illegally, because it was founded upon a debt contracted prior to June, 1865, and plaintiffs had levied it without having made an affidavit that they had paid all legal taxes due on said debt as required by the Relief Act of October, 1870. The sheriff returned the papers into Court then in session. Plaintiff's counsel asked the Court to order the sheriff to proceed in spite of said affidavit. Defendant's counsel objected that the illegality was returnable to the next term of the Court, and could not be sooner heard. The plaintiff's counsel rejoined that said affidavit was a nullity because said Act was unconstitutional. Upon that ground the Court ordered the *fi. fa.* to proceed. This is assigned as error.

Connally & Brother *vs.* Peck & Boman.

COLLIER & HOYT for plaintiffs in error.

A. W. HAMNOND & SON for defendants.

McCAY, Judge.

We are unable to see any reason why, if this Act is constitutional, as applied to actions pending, it is not equally so as to judgments and executions.    There is the same propriety for saying to the owner of a judgment, you shall not proceed upon it until you pay to the State the taxes you owe upon it, as there is in saying to a plaintiff in a pending suit, you shall not have a judgment until you pay the taxes.

Indeed, it seems to me there is less objection to the law as applied to judgments ; no time is fixed.    The plaintiff can proceed whenever he makes the affidavit.    If he is not ready to make it to-day, if he cannot make it, it is in his power to qualify himself by paying the taxes and to make it whenever he gets ready.

As we have construed this law, to-wit : that it only denies the rights of the plaintiff to go on until he pays and swears he has paid the tax, we think the restraint nothing but the legitimate and proper exercise of the rights of the State.    It impairs no contracts, it divests no rights ; it simply says, "do your duty before you use the State's process to compel others to do their duty to you."

Without doubt, a judgment is taxable property.    Without doubt, under our laws, in force for many years, this debt owes to the State its burden, and it seems to us *clear* that it is in the power of the State to deny the use of its process to enforce it, until the burden is discharged.

Judgment reversed.

LOCHRANE, Chief Justice, concurred and WARNER, Judge, dissented, but neither furnished any opinion.